IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| RICHARD ZOWASKI, <br><br> *Plaintiff*, <br><br> v. <br><br> SPEEDWAY LLC, <br><br> *Defendant.* | CASE NO. 6:15-cv-29 <br><br> Memorandum Opinion <br><br> JUDGE NORMAN K. MOON |

This is a diversity[1] tort case arising out of a trucker's slip-and-fall in the bathroom shower at a WilcoHess gas station/"travel plaza" in northwestern Virginia. Plaintiff Richard Zowaski ("Plaintiff") slipped on water when he stepped out of a private shower he had purchased from Defendant Speedway LLC ("Defendant"). The state-court complaint asserted various theories of negligence. Defendant—after removing the case to federal court, a point of interest discussed later—now seeks summary judgment, arguing that contributory negligence, assumption of the risk, lack of proximate cause, and its lack of notice of the allegedly-dangerous condition all justify ending this case. The Court held oral argument on the motion. Because Defendant's arguments have merit, its motion must be granted and this case will be dismissed.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the

---

[1] Plaintiff is a citizen of Virginia, and Defendant (as well as its member entities) is a citizen of Ohio (place of business) and Delaware (place of incorporation). (Dkt. 1). The amount in controversy is over $75,000.

movant is entitled to judgment as a matter of law." "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In order to preclude summary judgment, the dispute about a material fact must be "'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 250. In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

## FACTS

The facts are drawn largely from Plaintiff's deposition testimony, the primary evidence submitted by the parties. Plaintiff is an "over-the-road" truck driver, meaning he spends several nights away from home and sleeps in his truck (or occasionally, hotels) between shifts. (Dkt. 15-2 (herein "Dep.") at 21). Consequently, he regularly uses truck stop facilities, including their showers. (Dep. at 24-25). When a trucker rents one of these showers, he essentially treats the facility as if it were his own personal bathroom. (*Id.* at 65-66, 68-69).

On October 2, 2013, Plaintiff stopped at Defendant's "travel plaza" in Toms Brook, Virginia. Plaintiff had never showered at the travel plaza before but stopped there on occasion— a "couple times a month"—for fuel and food. (Dkt. 15-1 at ECF 4; Dep. at 54). He purchased a shower from Defendant, meaning he bought the privilege of using a private bathroom ("Room")

– 2 –

complete with a shower stall. (Dep. at 68-69). The Room included a chair "toilet, sink, and little cubicle shower" with three enclosed walls and a shower curtain. (*Id*. at 57-58). This setup was generally the same as other shower facilities Plaintiff encountered at other truck stops. (*Id*. at 66-68). The shower stall itself generally was akin to Plaintiff's shower at home, except that his own bathroom has linoleum flooring. (*Id*. at 71).

Upon purchasing the shower, Defendant's employee provided Plaintiff with a paper-based bathmat; Plaintiff did not use that bathmat because he believed it was ineffectual, and in fact used no bathmat at all. (Dep. at 73-74, 97, 119-20). Plaintiff did not bring shower footwear with him into the Room, but instead took his shower barefoot. (*Id*. at 64, 119). The Room's floor outside of the shower stall—which Plaintiff characterized as "slippery," much like the floor of his bathroom at home and at other truck stops—was made of tile. (*Id*. at 61, 77, 208-09). Usually, Plaintiff would lay his dirty shirt on the floor to avoid standing barefoot on the bare tile. (*Id*. at 120). However, he "never" laid his shirt down in front of the shower because he knew "it's gonna get wet." (*Id*. at 120).

When Plaintiff entered the Room, he locked the door and noticed there was no water on the floor. (Dep. at 66, 116, 144). Thus, once Plaintiff was inside, Defendant (*i.e.*, its employees) could not access or view the Room for any reason, including to clean any subsequent spills. (*Id*. at 75). Once inside the Room, Plaintiff observed that the shower curtain was closed (but not all the way) and pleated: "it wouldn't s[t]ay closed tight." (*Id*. at 105, 125-27, 137-38).[2] After

---

2    Defendant has provided photographic evidence of the shower curtain which shows the curtain did, in fact, reach the floor and close on the sides. (*See* dkt. 15-3 ¶¶ 4-5; *id*. at ECF 4-6). Plaintiff, however, disputes that the photographs accurately depict the state of the curtain and perhaps even contests that the photographs are of the curtain implicated in this case. (Dep. at 125-26, 152). It is possible that visual evidence may be so conclusive that a reasonable juror could not interpret it otherwise. *See, e.g.*, *Scott v. Harris*, 550 U.S. 372, 378-81 (2007). The Court need not make that determination here, as the motion can be resolved even with assuming

– 3 –

disrobing, Plaintiff stood beside the shower curtain and adjusted the water temperature. (*Id*. at 123-24). Upon entering the shower stall, he noticed that the curtain was "too short to reach the bottom of" the shower's spill lip, thus leading him to suspect "that water was going to be coming out." (*Id*. at 125-27, 132, 137-38). Based on the gaps between the curtain and the shower wall, he "assumed [water] probably was" escaping from the shower while he was inside, although he did not directly observe the water escaping. (*Id*. at 138, 141).

After he concluded his shower, Plaintiff did not dry off inside the stall but rather stepped barefooted with his left foot directly onto the tile floor. (Dep. at 139, 142; Dkt. 15-1 at ECF 3). At that point, he slipped on the wet floor, sustaining injuries for which he seeks to recover (*i.e.*, a cut that eventually caused "mild sepsis" and required his hospitalization). (Dep. at 139; Dkt. 15-1 at ECF 3; dkt. 17-4 at 1).

When stepping out of the shower, Plaintiff did not look for or see the water on which he claims he slipped. (Dep. at 140-41). He admitted that nothing would have prevented him from seeing the water had he been on the lookout, and that he would have in fact seen it had he looked down; but he just "wasn't looking . . . [n]ot even thinking about if there was any water there or not." (*Id*. at 141-42, 144). Although initially testifying that he could not tell where the water came from, Plaintiff said he was "sure it came from the shower curtain" because it was "just obvious . . . to see that the shower curtain wasn't closing, and the bottom wasn't long enough, so the water is going to get out. [It was j]ust obvious." (*Id*. at 143). Plaintiff agrees that Defendant did not put the water on the floor and did not know (and could not have known) about it at the time he exited the shower. (*Id*. at 147).

---

in Plaintiff's favor that the curtain was, in fact, too short and unable to close.

– 4 –

## ANALYSIS

Defendant Speedway seeks dismissal on four grounds. It argues there is no evidence of causation because Plaintiff "assumed" he fell due to a puddle of water. It asserts that it was not on actual or constructive notice of any defect, and thus had no duty. It claims the puddle of water was "open and obvious" as a matter of law. And it contends that Plaintiff assumed the risk of falling by stepping out of the shower onto the wet floor. Because this is a diversity tort action where the injury occurred in Virginia, the Court applies Virginia law. *Demetres v. E. W. Const., Inc.*, 776 F.3d 271, 273 (4th Cir. 2015); *McConnell v. Servinsky Eng'g, PLLC*, 22 F. Supp. 3d 610, 614 (W.D. Va. 2014).

### I. "Open and Obvious" Condition/Contributory Negligence

Plaintiff's case most clearly falls short on the issue of contributory negligence. Defendant cites to Virginia law stating that a plaintiff who falls due to an "open and obvious condition or defect is guilty of contributory negligence as a matter of law." *Scott v. City of Lynchburg*, 241 Va. 64, 66, 399 S.E.2d 809, 810 (Va. 1991); *see Town of Hillsville v. Nester*, 215 Va. 4, 6, 205 S.E.2d 398, 399-400 (Va. 1974) (plaintiff "cannot walk heedlessly along in complacent faith that his path is free and clear of pitfalls and obstacles . . . [B]eing simply unobservant and neglect[ing] to see what was open and obvious and what, by maintaining a lookout commensurate with the circumstances obtaining" should be seen, is contributory negligence). It relies on a Fourth Circuit case (applying Virginia law) which found contributory negligence on the basis of open and obvious water on a grocery store floor. *Newcomb v. Food Lion, Inc.*, 94 F.3d 642 (4th Cir. 1996) (*per curiam*) (table decision). There, on a rainy day where wet footprints were apparent on the floor and other patrons by the door were shaking their umbrellas, plaintiff slipped and fell at the entrance. The Fourth Circuit affirmed summary

– 5 –

judgment on account of contributory negligence, agreeing that the wet floor was open and obvious and plaintiff could not be "oblivious" to her environment.

Analogously to *Newcomb*, the following undisputed facts, all taken from Plaintiff's deposition testimony, reveal that the water on the bathroom floor was open and obvious, and that Plaintiff was otherwise contributorily negligent:

- Before getting into the shower, Plaintiff knew that the floor in front of the shower would be wet, which was why he did not place his shirt on the ground there. (Dep. at 120).

- Plaintiff admitted that the bathroom floor was "slippery." (Dep. at 61, 77, 208-09).

- While in the shower, he "assumed" water was escaping from the stall onto the floor. (Dep. 138, 141). Indeed, he thought it "obvious" that "water [was] going to get out." (Dep. at 143).[3]

- Despite all this, Plaintiff was not "looking" for or "thinking about" the possibility of water on the floor when he exited the shower, and he agreed he would have seen the water had he been looking down. (Dep. at 140-42, 144).

- Finally, Plaintiff did not use a bathmat, whether it was one Defendant provided (which he thought would not work) or a towel or shirt (because he did not bring one or thought it would get wet). (Dep. at 73-74, 97, 119-20). Instead, he stepped directly onto the tile floor with his wet, bare foot.

Plaintiff resists this conclusion by quoting page 48 of his deposition (which does not appear to be in the record) for the proposition that he did not realize the curtain was too short

---

[3] In an affidavit lodged over a year after (and contrary to) his deposition testimony and sworn out two weeks after Defendant's summary judgment motion, Plaintiff attempted to disclaim—in conclusory terms—that he assumed water would accumulate outside the shower and contended that he realized the shower was inadequate "only . . . after" he entered the shower. These statements must be disregarded because the Fourth Circuit and other courts have long snuffed out such attempts to avoid summary judgment by manufacturing an issue of material fact from affidavits that contradict sworn deposition testimony. *See*, *e.g.*, *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 422 (4th Cir. 2014); *Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970, 975-76 (4th Cir. 1990); *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984); *Genesis Office Sys., Inc. v. PNC Bank, N.A.*, No. 15-1681, 2016 WL 759188, at *2 (4th Cir. Feb. 26, 2016); *Smith v. Werner Enterprises, Inc. of Nebraska*, No. CIV. 3:07CV171, 2007 WL 2892627, at *1-2 (E.D. Va. Sept. 28, 2007); *see Townley v. Norfolk & W. Ry. Co.*, 887 F.2d 498, 501 (4th Cir. 1989).

until after he entered the shower. (Dkt. 17 at 9-10). Thus, so the argument goes, he "had no reasonable or diligent course of action other than to exit" the stall (and presumably step on the wet floor). "Placing one foot out of the shower in preparation to exit the shower stall from the only possible exit," he says, "is not a negligent action." (*Id*. at 10).

This argument fails on the law and the facts. It is premised, as Plaintiff's brief puts it, on "the shower curtain's *defect* not being open and obvious." (Dkt. 17 at 10 (emphasis added)). But "[i]t is the hazard created by an object, not the object itself, that must be open and obvious." *Kelly v. Food Lion, LLC*, No. 3:11-CV-00080, 2012 WL 5397227, at *2 n.3 (W.D. Va. Nov. 2, 2012) (citing *Freeman v. Case Corp.,* 118 F .3d 1011, 1014–15 (4th Cir. 1997) (the "relevant question under Virginia law is *not* whether the *defect* itself . . . was obvious, but whether the hazard . . . was open and obvious . . . . Virginia law looks not to whether the defect itself was obvious, but whether the *hazard* was clearly apparent") (third emphasis in original, others added)). To make an analogy, if a grocer's refrigerator leaks liquid onto the floor, the issue is whether the liquid is open and obvious, not whether the refrigerator (or its broken cooling system) is.

The facts also do not support Plaintiff's argument. Rather than only learning of the water spillage upon entering the shower, Plaintiff's own deposition testimony admitted that he did not put his shirt on the floor in front of the shower for the very reason that he knew water from the shower would soak it. Thus, Plaintiff's contention that he had no choice to exit the shower is true (once inside, he had nowhere else to go) but legally inconsequential (he knew beforehand the floor outside the shower would be wet).

Relatedly, Plaintiff's unthinking, unlooking exit from the shower also shows contributory negligence, even assuming he had no reason to suspect the water before entering the shower. A

– 7 –

plaintiff cannot be "oblivious" to his surroundings, *Newcomb*, 94 F.3d 642, at *2, which is what the undisputed facts here show as to Plaintiff's shower exit, given that he: used no bathmat despite the "slippery" surface; "assumed" water escaped while he showered, and; could have seen it while stepping out had he been looking. Plaintiff's assertion that he had "no reasonable . . . course of action" but to exit the shower once inside is again true, but it is a red herring because what matters is *how* he stepped out of the shower. The relevant question is whether he exited *in a reasonable fashion* (*i.e.*, acted "as a reasonable person would have acted for his own safety under the circumstances"[4]), not whether it was reasonable *to exit at all*. Put differently, a person in Plaintiff's position could have exercised reasonable care (*e.g.*, looked where he was going, used a bathmat, leaned on a wall for support). Of course, that person may nevertheless have fallen, but he arguably would have avoided being contributorily negligent. That is not the situation here.

## II.  Assumption of Risk

Although different standards apply, the same facts can give rise both to a contributory negligence argument and an assumption of risk defense. *E.g., Walker v. Caterpillar Indus., Inc.*, 34 F.3d 1067, at *3 (4th Cir. 1994) (*per curiam*) (table decision).

> The associated defenses of contributory negligence and assumption of risk differ in that an objective reasonable man test is brought to bear on the former while the standard primarily to be applied to the latter is a subjective one, of what the particular plaintiff in fact sees, knows, understands and appreciates. Contributory negligence is carelessness. Assumption of the risk is venturousness and has two requirements: the nature and extent of the risk must be fully appreciated and the risk must be voluntarily incurred. Knowledge of the risk involved is essential to its assumption.

*Amusement Slides Corp. v. Lehmann*, 217 Va. 815, 818-19, 232 S.E.2d 803, 805 (Va. 1977); *see*

---

[4]  *Sawyer v. Comerci*, 264 Va. 68, 74, 563 S.E.2d 748, 752 (Va. 2002); *Artrip v. E.E. Berry Equip. Co.*, 240 Va. 354, 358, 397 S.E.2d 821, 824 (Va. 1990).

*Philip Morris, Inc. v. Emerson*, 235 Va. 380, 402, 368 S.E.2d 268, 280 (Va. 1988). Thus, assumption of the risk requires intentional exposure to a known danger. *Arndt v. Russillo,* 231 Va. 328, 332, 343 S.E.2d 84, 87 (Va. 1986). The burden of proving assumption of the risk rests with the defendant.

Defendant cites *Christopher v. Madison Hotel Corp.*, 875 F.2d 314, at *1-2 (4th Cir. 1989) (*per curiam*) (table decision), which affirmed a directed verdict for defendant based on assumption of risk after plaintiff slipped on a bathmat when exiting the hotel's bathtub. The Court found the condition was not latent: The plaintiff had observed the floor and knew it was slick, and put the bathmat (similar to ones he used at other hotels) down himself. He thus assumed the risk of a known danger.

The facts recounted as to contributory negligence equally establish assumption of the risk here. Plaintiff offers a few arguments in opposition, although they fail for reasons similar to those explained earlier. He again contends there was "no other way out" of the shower, so his acceptance of the risk was not conscious or voluntary. But as already discussed, the risk presented by the slipperiness of the floor and the collection of water outside the shower stall was apparent before he entered the shower. Additionally, he discusses the "defect of the shower curtain," but that again strays from the proper focus on the risk itself (water on the floor) rather than its cause (the allegedly short and narrow curtain).

Plaintiff further contests Defendant's assertion that he could have used the bathmat Defendant provided, because it would have disintegrated and offered no traction. (Dep. at 22). This factual contention can (and must on summary judgment) be credited, but it hurts rather than helps his position. Plaintiff's statement that moisture on the bathmat would cause it to "rip apart" further shows that he full well knew that the tile floor would be wet after he showered, but

– 9 –

he chose to shower nonetheless.[5]

### III. Actual or Constructive Notice of the Defective Condition

Plaintiff also has not shown that Defendant had actual or constructive knowledge of the water on the floor. Indeed, Plaintiff agrees that no water was on the floor when he entered the Room, Defendant did not put the water on the floor, and it did not know (and could not have known) about the water at the time he exited the shower, in no small part because the Room was locked once Plaintiff entered. (Dep. at 65-66, 116, 147-49). A plaintiff "must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises to establish a *prima facie* case of negligence." *Grim v. Rahe, Inc.*, 246 Va. 239, 242, 434 S.E.2d 888, 889 (Va. 1993). Unlike with the two preceding issues, the parties appear to agree that the inquiry here focuses on the shower curtain. (Dkt. 15 at 12; dkt. 17 at 7; dkt. 18 at 5 (referring to lack of evidence that "shower curtain was defective")).

Defendant's position is that Plaintiff has put forth no evidence that would lead a reasonable fact-finder to conclude it had notice of the condition: "assuming water did escape from around the curtain, Speedway had no opportunity to notice or remove the water, or to warn Plaintiff before he stepped out of the shower." (Dkt. 15 at 12). Plaintiff responds that he must only show either (1) Defendant knew the shower curtain's attributes and, from that, it should have known that they would allow water to escape, or (2) the defect (that is, insufficient dimensions of the curtain) existed for a sufficient amount of time such that Defendant had constructive notice of it. (Dkt. 17 at 8). He cites statements attributable to Defendant acknowledging that (a) it used the same type of curtain in the Room on October 2, 2013 that was

---

[5] Although probably better suited for contributory negligence analysis, Defendant further points out that Plaintiff could have taken (but failed to take) other measures to secure his footing, such as bringing a towel or bathmat from home, or using his shirt. (Dkt. 15 at 16).

– 10 –

used prior to that date, and (b) the bathrooms were inspected bi-weekly. (Dkt. 15-3 at 2; dkt. 15-4 at 6). He reasons, then, that since Defendant "knew of the shower curtain's existence" and its dimensions, it had the requisite knowledge.

This argument proves too much. Plaintiff's view requires only that a defendant has notice of a condition, not that it know or reasonably should know that it is a defective one. To stick with the example of the leaky refrigerator, the grocer is required to know more than just the fact that he has a refrigerator, its "use in the[] facility, . . . its physical dimensions and other physical attributes." (Dkt. 17 at 8). He must instead know (or have reasonable basis to suspect) that the refrigerator is defective, *i.e.*, leaked moisture onto the floor.

But, returning to our case, Plaintiff has presented no evidence to show that Defendant knew or had reason to know the shower curtain was defective (that is, permitted water to spill out of the shower stall). In fact, Defendant provided uncontested evidence that it knows of no other slip and fall complaints related to its showers. (Dkt. 15 at 7 (citing dkt. 15-4 at 7)). As Defendant stated in its reply brief, "Plaintiff's argument [is missing] citation to a single fact demonstrating, or even suggesting, that [Defendant] had notice of water escaping from around the shower curtain." (Dkt. 18 at 5).

## IV. Proximate Cause

Defendant's final argument is that Plaintiff cannot prove proximate cause.

> Virginia follows the "but for" rule of proximate causation, which states that a defendant is not liable unless the harm would not have occurred but for the defendant's act. While this does not require a plaintiff to exclude every other possible conclusion, it does require that a plaintiff prove *why* and *how* the incident happened.

*Marchant v. Boddie-Noell Enterprises, Inc.*, 344 F. Supp. 2d 495, 497 (W.D. Va. 2004) (emphasis in original) (internal citations and quotations omitted). A plaintiff cannot recover if

– 11 –

the proof makes it equally possible that the injury derived from a cause for which defendant was not responsible. *Id*. at 499.

Defendant claims it is "just as likely that the water on the tile floor dropped off Plaintiff's body when he was exiting the shower" or that he slipped because the bottom of his bare foot was wet. (Dkt. 15 at 11 (citing dep. at 142)). It also contends that the curtain dimensions are sufficient to hold in water, and that Plaintiff's conclusion otherwise is simply "conjuncture and speculation," particularly in light of the photographs of the curtain and its dimensions submitted by Defendant. Plaintiff responds that his deposition testimony supports both why and how he fell. As to "the why," he testified that there was water on the floor. As to "the how," he testified that water was escaping from the curtain because it was inadequately sized. (Dkt. 17 at 6-7 (citing, *inter alia*, dep. at 45)).

There is no dispute that Plaintiff stepped out of the shower barefooted without drying off, meaning that "whether there was water on th[e] floor or not, [he was] going to have a wet foot stepping on a tile floor." (Dep. at 119, 139, 142). It is therefore equally possible that the cause of his slip and fall was not Defendant's doing, so proximate cause fails under Virginia law. *Marchant*, 344 F. Supp. 2d at 499.[6]

---

[6] At oral argument, Plaintiff asserted that blackletter law commands that when there are two causes—one of which is attributable to a defendant—then the defendant must be deemed responsible for the proximate cause. The Court understands Plaintiff as referring to the famous California tort case of *Summers v. Tice*, 33 Cal. 2d 80, 199 P.2d 1 (Cal. 1948), in which *two defendants* simultaneously shot plaintiff in the face, but plaintiff could not say which defendant's bullet caused the wound. The California Supreme Court held that, in such a situation, proximate causation principles must be relaxed to permit recovery.

But this case does not involve California law or two possible causes attributable to multiple defendants. Rather, at issue are two potential causes—one attributable to Defendant and one to Plaintiff—the latter of which under Virginia law bars the claim under contributory negligence, proximate cause (as no Virginia case adopts *Tice*), or both. To put it in *Tice* terms: In Virginia, if a plaintiff and a defendant both accidently shoot the plaintiff in the face such that it is equally possible either party fired the harmful bullet, then the plaintiff cannot recover.

– 12 –

## CONCLUSION[7]

For the reasons stated above, Defendant's motion for summary judgment will be granted. An appropriate order dismissing this case will issue. The Clerk is directed to send a copy of this opinion to counsel of record.

ENTERED this __10th__ day of May, 2016.

>  *Norman K. Moon*
> NORMAN K. MOON
> UNITED STATES DISTRICT JUDGE

---

[7] At the end of oral argument, Plaintiff raised the specter of allegedly-withheld material that was not identified by Defendant in its initial disclosures. From what the Court understood of the parties' exchange at oral argument, the purported evidence was a surveillance video of Plaintiff in the hallway outside of the bathroom in question. Some portion or form of this evidence (apparently, still-photos) was used, according to defense counsel, at Plaintiff's deposition to establish the relatively minor fact that Plaintiff took an extra towel from Defendant's storage closet. *See supra* footnote 5; dep. at 108-10.

The deposition in which Plaintiff was tipped off to this supposed withholding occurred on February 15, 2016, well in advance of the hearing. Yet the matter was not raised with either opposing counsel or the Court until the closing moments of argument on a fully briefed motion for summary judgment. Further, Plaintiff has not articulated how a video from the hall could have any bearing on what transpired in the bathroom, or how it relates to or could negate the legal shortcomings in Plaintiff's case. In these circumstances, the Court declines the invitation to deny a meritorious summary judgment motion (or reopen discovery) due to an extraneous issue.

– 13 –